### WELCOME *v.* LABONTEE.

Whether a promise to pay rent is to be implied from occupation and other circumstances is a question of fact.

A declaration in assumpsit for the rent of a building erected by the plaintiff on land of the defendant's wife, may be amended by the addition of a count in trover for the same shop, the defendant having promised more than six years before the date of the writ to pay the plaintiff rent for it, but having afterwards refused so to do, and having converted the shop to his own use.

ASSUMPSIT, for the use and occupation of a blacksmith shop, built by the plaintiff in 1874 upon land of the defendant's wife, and with her assent.   Plea, the general issue, with a brief statement of the statute of limitations, also of title to the shop in the defendant and in his wife.   Writ dated February 21, 1883.   Facts found by the court.

The plaintiff occupied the shop until January, 1875, when he rented it to the defendant, who paid the rent for the first quarter. The plaintiff demanded the rent for the second quarter when it

became due, but the defendant refused to pay it or to give up the
key to the shop, and continued to occupy the shop until about
March 1, 1877, when he left the state temporarily.   He returned
in August or September of that year, took possession of the shop,
and has since occupied and treated it as his own property.

When the plaintiff rested, the defendant moved for a nonsuit,
upon the ground that his refusal to pay the rent for the second
quarter was equivalent to a conversion of the shop; also, because
the shop became the property of the defendant, or of his wife, by
the plaintiff's neglect to remove it in January, 1875.   Motion de-
nied, and the defendant excepted.   The plaintiff was permitted
to add a count in trover, alleging a conversion March 1, 1877, the
defendant excepting.   He also moved for a nonsuit after the
amended count was filed, which was denied.

The court found a conversion of the shop by the defendant in
August or September, 1877, and assessed damages in the sum of
$300; but if the plaintiff can recover in assumpsit, the rental value
of the shop was found to be $25 per annum.   To all of which the
defendant excepted.

*Leach & Stevens* and *K. E. Dearborn*, for the plaintiff.

*N. E. Martin* and *A. F. Burbank*, for the defendant.

BLODGETT, J.   Whether the circumstances attending the occu-
pancy of the shop by the defendant from the fall of 1877 to the
commencement of this proceeding were such as to warrant an infer-
ence that he was to pay the plaintiff for its use, is a question of
fact *(Bank* v. *Getchell*, 59 N. H. 281, and *Chamberlin* v. *Donahue*,
44 Vt. 57) which we refuse to consider. *Fuller* v. *Bailey*, 58 N. H.
71 ; *Lefavor* v. *Smith*, 58 N. H. 125.

The shop was a personal chattel *(Dame* v. *Dame*, 38 N. H. 429) ;
and we discover no ground for holding that it " became the prop-
erty of the defendant, or of his wife, by the plaintiff's neglect to
remove it in January, 1875."   So far as appears, he was not even
asked to remove it.

Nor does the amendment present any difficulty.   More than six
years before the date of the writ, the defendant promised to pay
the plaintiff rent for the shop; but within six years he refused to
fulfil his promise, claimed the shop as his property, and converted
it to his use.   Under these circumstances, the plaintiff was prop-
erly allowed to amend his declaration by adding a count in trover
*(Rutherford* v. *Whitcher*, 60 N. H. 110) alleging a conversion with-
in six years.   On that count, and upon competent evidence, the
court found the fact of conversion, not before but within the time
alleged, and assessed the plaintiff's damages at $300, and for that
sum he is entitled to judgment.

*Judgment for the plaintiff accordingly.*

SMITH, J., did not sit: the others concurred.