Municipal Court of Lebanon,
No. 4454.

ARMAND RACINE & a. v. LEON ARMSTRONG.

Submitted January 4, 1956.

Decided February 7, 1956.

*Robert A. Jones* for the plaintiff, furnished no brief.

*Richard C. Duncan* for the defendant.

DUNCAN, J. The defendant's exception to the verdict presents only questions of law apparent upon the face of the findings and rulings. *Eastman* v. *Waisman,* 94 N. H. 253, 254. His brief raises no question concerning the right of the plaintiffs to maintain the action without joining the remaining tenants in common. The reserved case establishes that the defendant made no express agreement to pay the rent. It further states that there was no evidence that his wife intended to pledge his credit, or of his "failure to provide her with the necessary item of lodging."

In the absence of a different agreement, or of objection by her co-tenants the defendant's wife was entitled to occupy the premises without obligation to account to them. *Berry* v. *Whidden,* 62 N. H. 473. As between herself and the co-tenants her duty at most was to answer to them in equity or in special assumpsit. See *Nixon* v. *Bonenfant,* 97 N. H. 230, 232; RSA 507:3. She was competent to contract for the rent (*Ross* v. *Knox,* 71 N. H. 249; *McConnell* v. *McConnell,* 75 N. H. 385) and the defendant would not be liable if the plaintiffs in fact relied solely upon her credit. *Hill* v. *Goodrich,* 46 N. H. 41.

The capacity in which the defendant occupied the premises was a question of fact determinable by the trial court. So far as appears from the findings, he originally occupied the premises in the right of his wife (*Noyes* v. *Hemphill,* 58 N. H. 536, 537) with whom the plaintiffs had their transactions relating to occupancy. In doing so, the defendant incurred no obligation to pay the rent, unless some agreement could be implied in fact. His use and occupancy without more gave rise to no presumption of an undertaking to pay rent. *Welcome* v. *Labontee,* 63 N. H. 124; *Savings Bank* v. *Getchell,* 59 N. H. 281. See also, *Parsons* v. *McLane,* 64 N. H. 478.

There was evidence however relating to the defendant's continued occupancy after demand upon him for the rent. Whether a promise by him to pay the rent was implied in what thus occurred was likewise a question of fact for the trial court. *McConnell* v. *Lamontagne,* 82 N. H. 423. *Bickford* v. *Dane,* 58 N. H. 185; *Welcome* v. *Labontee, supra.* It must be taken to have been

determined upon competent evidence. *McConnell* v. *McConnell,* 75 N. H. 385, *supra.* While the amount of the verdict does not appear there is no indication that it was for more than the fair rental value of the premises for the period following demand upon the defendant.

Since the evidence is not before us and its sufficiency is not brought in question, it is presumed to have supported the verdict. *Lupien* v. *Rousseau,* 98 N. H. 459. No errors appear upon the face of the findings and rulings, and it follows that the order is

*Judgment on the verdict.*

All concurred.