HERITAGE MUTUAL INSURANCE COMPANY, Respondent, v ROBERT J. HUNTER, III, et al., Appellants, and MICHAEL D. LOOMIS, Respondent.

Third Department, July 13, 1978

APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case & Blackmore (William P. Soronen, Jr.,* of counsel), for Robert J. Hunter, III, appellant.

*Lyons & Duncan (Condon A. Lyons* of counsel), for Douglas March and another, appellants.

*E. Stewart Jones* for Sandor Hajdu, appellant.

*Bouck, Holloway & Kiernan (Thomas J. O'Connor* of counsel), for Heritage Mutual Insurance Company, respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

On November 27, 1974, the defendant, Douglas March, then 15 years of age, permitted another person, Sandor J. Hajdu, who was then 14 years of age, to drive his unregistered motorcycle. Hajdu was instructed not to drive the vehicle on public roads. In turn, Hajdu, without the consent, permission and knowledge of March, permitted another minor, Michael Loomis, to drive the motorcycle. Loomis, while driving on Route 9H in the Town of Claverack, with young Hajdu riding to his rear as a passenger, collided with a truck. Hajdu subsequently died from the injuries sustained in the accident. The administrator of Hajdu's estate commenced an action against, among others, Douglas March and his father, Samuel March. The Heritage Mutual Insurance Company was requested by the defendants March to provide a defense and pay any judgment against them in accordance with the terms of a homeowner's insurance policy issued by Heritage. The insurer refused and commenced a declaratory judgment action seeking a judicial declaration that the policy did not provide coverage in a suit brought as a result of the ownership, operation, maintenance or use of a motor vehicle. Defendants March moved for summary judgment dismissing the complaint. Heritage cross-moved for summary judgment.

Special Term found that the policy excluded from its coverage "the ownership, maintenance, operation, use, loading or unloading of * * * any motor vehicle owned or operated by or rented or loaned to any insured". Since the policy defined "motor vehicle" as "a land motor vehicle * * * designed for travel on public roads", and, further, since the accident was

caused by the operation of a "loaned" motorcycle on a public highway, Special Term concluded that the policy exclusion was applicable and granted Heritage's motion by declaring that the policy did not provide coverage to defendants March.

■ Special Term was correct in concluding that a motorcycle does not fall into that class of vehicles "designed for recreational use off public roads" *(Matter of Askey [General Acc. Fire & Life Assur. Corp.]*, 30 AD2d 632, affd 24 NY2d 937). That it may be so used does not render it a vehicle *designed* for such use. Accordingly, the motorcycle should have been registered and its use on a public road brings it within the policy exclusion.

■ However, Special Term erred in granting summary relief dismissing the complaint as to that portion thereof, expanded by a supplemental bill of particulars, which alleges a cause of action arising out of the entrustment of a dangerous instrumentality to one incompetent or unqualified to manage said instrumentality. The law is clear that one, including a parent, who loans a dangerous instrumentality to an unfit or unqualified person knowing that it could be used in a dangerous manner likely to cause harm to others, may be liable for any injuries arising out of the negligent use of such instrumentality *(Faller v A. Drive Auto Leasing System,* 47 AD2d 530; *Geiger v Insurance Co. of North Amer.,* 41 AD2d 796; *Lalomia v Bankers & Shippers Ins. Co.,* 35 AD2d 114, 117, affd 31 NY2d 830). This theory of action is not directly related to the "ownership, maintenance, operation or use" of the vehicle and imposes an obligation upon the insurer, within the terms of the subject policy, to provide the defendants March with a defense and to pay any judgment rendered against them *(Lalomia v Bankers & Shippers Ins. Co., supra).*

The order should be reversed, on the law, without costs, and the judgment directed to be entered declaring that plaintiff, Heritage Mutual Insurance Company, has a duty to defend the defendants March with respect to the allegations of the complaint in the plenary action that set forth a cause of action of negligent entrustment of a dangerous instrumentality in the possession of an infant and to indemnify defendants March for any judgment rendered against them.

GREENBLOTT, SWEENEY, MAIN and LARKIN, JJ., concur.

Order reversed, on the law, without costs, and judgment directed to be entered declaring that plaintiff, Heritage Mu-

tual Insurance Company, has a duty to defend the defendants March with respect to the allegations of the complaint in the plenary action that set forth a cause of action of negligent entrustment of a dangerous instrumentality in the possession of an infant and to indemnify defendants March for any judgment rendered against them.