Merrimack
No. 79-064

### PAUL A. RINDEN, TRUSTEE IN BANKRUPTCY OF ROBERT P. HICKS

v.

### ROBERT S. HICKS AND MARY P. HICKS

November 14, 1979

*Rinden Professional Association*, of Concord, and *Jon Groetzinger, Jr.*, of Concord (*Paul A. Rinden* and *Jon Groetzinger, Jr.*, orally), for the plaintiff.

*Stanley, Tardif & Shapiro*, of Concord (*R. Peter Shapiro* orally), for the defendants.

BROCK, J. This action for conversion relates to a bankruptcy petition filed in the United States District Court for the District of New Hampshire. The trustee in bankruptcy, plaintiff here, brought an action for conversion in the Merrimack County Superior Court, attempting to recover certain assets of the bankrupt which he claims are properly part of the bankrupt estate and available for distribution to creditors. The case was tried before a Master (*Robert A. Carignan*, Esq.), whose recommendation that judgment be entered for the defendants was approved by the Superior Court (*DiClerico*, J.). Plaintiff's exceptions were reserved and transferred. We affirm.

The defendants, Robert S. and Mary P. Hicks, purchased a parcel of land in Concord, together with the buildings situated on it. The defendant Robert S. Hicks (father) renovated the buildings for use as a restaurant and supplied the necessary equipment and fixtures. The land, building, fixtures, equipment and furnishings were subject to a construction mortgage held by a local bank. When the restaurant was ready to open for business, the father turned it over to Robert P. Hicks (son) to operate pursuant to an oral agreement. The master found that the father and son had entered into a lease agreement under which the son was to pay all costs connected with the property, including taxes, mortgage payments, utilities and repairs, and that they had also agreed that the father would take title to any items of equipment purchased by the son to replace existing equipment.

The son operated the restaurant until November 1973 when he vacated the premises and abandoned all the equipment and materials on the premises. These items included some which had been purchased by the son as replacement items and/or new acquisitions. The father took possession of the premises shortly thereafter. In December 1973, the father leased the restaurant, including all equipment, fixtures and furnishings to another son, Richard Hicks. Finally, in June 1974, the restaurant and its contents were sold to another party.

In January 1974, the son, Robert, filed a petition in bankruptcy. In connection with that proceeding, the trustee brought this action for conversion to recover damages equivalent to the value of the property allegedly belonging to the bankrupt estate of the son and wrongfully appropriated by the defendants.

After a hearing, the master granted all requests for findings of fact which had been filed by the defendants. In this jurisdiction the findings of the trial court will not be set aside if they could reasonably be made on the evidence. *Archambault v. Adams*, 118 N.H. 634, 638, 392 A.2d 139, 142 (1978). Plaintiff argues that there is insufficient evidence to support the master's findings. We do not agree and hold that the trial court's findings are supported by the evidence.

■ The trustee has argued, on appeal, that under the Federal Bankruptcy Act, he is entitled to void certain transfers made from the bankrupt son's estate, which he claims are either preferential transfers or fraudulent conveyances. 11 U.S.C. §§ 107, 110; Bankruptcy Act of 1898 §§ 67(d)(3), 70(c), 70(e). Plaintiff failed to address or plead those issues at the trial court. We cannot, therefore, review the trustee's claims of preferential transfer or fraudulent conveyance as those issues are not properly before this court. *Bastianelli v. Toco International, Inc.*, 117 N.H. 549, 552, 375 A.2d 595, 597 (1977).

■ An action for conversion is based on the defendant's exercise of dominion or control over goods which is inconsistent with the rights of the person entitled to immediate possession. *Pacific & Atlantic Shippers Inc. v. Schier*, 109 N.H. 551, 553, 258 A.2d 351, 353 (1969). The plaintiff, a trustee in bankruptcy, has a claim to all property owned by the bankrupt on the date the bankruptcy petition is filed. 11 U.S.C. § 110, Bankruptcy Act of 1898 § 70. Where the trustee proceeds on a conversion theory alone, and foregoes an action based on fraudulent conveyance or preferential transfer, he does not become vested with any greater claim, title, or right than that belonging to the bankrupt under State law. *State v. A. D. Ingalls, Inc.*, 105 N.H. 244, 248, 197 A.2d 214, 217 (1964). In a conversion action, therefore, the trustee is bound by whatever defenses would be good against the bankrupt himself. 4A COLLIER, BANKRUPTCY ¶ 70.28, at 385 (14th ed. 1978); *cf. Mutual Trust Life Insurance Company v. Wemyss*, 309 F. Supp. 1221, 1231 (D. Me. 1970) (trustee has no greater rights under life insurance contract than those of bankrupt).

■ Although the trustee timely excepted to many of the findings of fact made by the master, he did not take an exception to the master's finding that the bankrupt had abandoned the equipment and materials when he vacated the restaurant. Defendants did not take possession of the restaurant until after the bankrupt had abandoned the premises. Abandonment is a good defense to a conversion action. 18 AM. JUR. 2d *Conversion* § 71 (1965); 89 C.J.S. *Trover & Conversion* §

83 (1955). "There is no conversion when a plaintiff has abandoned, or apparently abandoned, his property before a defendant takes possession of it." *Boston Educational Research Co., Inc. v. American Machine & Foundry Co.*, 355 F. Supp. 1272, 1277 (D. Mass. 1973), *aff'd*, 488 F.2d 344 (1st Cir. 1973). The bankrupt's action of abandoning the property is a complete defense to the claims of conversion and precludes recovery. *Wirth v. Heavey*, 508 S.W.2d 263, 267 (Mo. App. 1974). Having failed to take a timely exception to the master's finding that an abandonment had occurred, the trustee's appeal must fail.

*Affirmed.*

KING, J., did not sit; the others concurred.