Hillsborough
No. 79-321

## MANCHESTER HOUSING AUTHORITY

v.

## HAMILTON REALTY CORP. *& a.*

June 25, 1980

*Craig, Wenners, Craig & McDowell,* of Manchester (*Joseph F. McDowell, III,* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green,* of Manchester (*Lee W. Mercer* orally), for the defendants.

BROCK, J. This is an action in assumpsit brought by the Manchester Housing Authority (hereinafter MHA) to recover rent allegedly owed it by the defendants who continued to occupy their business premises after the MHA had taken title to the property

under a declaration of taking pursuant to the Eminent Domain Procedure Act, RSA ch. 498-A. The case was submitted to the trial court on an agreed statement of facts with exhibits. The Superior Court (*Souter*, J.) found for the defendants, and denied the plaintiff's motion to set aside the verdict. All questions of law raised by the plaintiff's exceptions were reserved and transferred.

On December 15, 1974, the MHA filed a declaration of taking on certain property located in Manchester that was owned by Hamilton Realty Corp. and leased to Rice's, Inc. On January 20, 1975, pursuant to RSA 498-A:11, the MHA paid into court the amount it estimated as damages caused to Hamilton Realty as a result of the taking. The MHA, on February 6, 1975, notified Rice's, Inc., the original tenant, that it would require possession of the property by April 1, 1975, and that the MHA would consider Rice's, Inc., a tenant of the MHA, effective December 13, 1974, at a monthly rental of $2,350. On the same date, the MHA notified Hamilton Realty, the original owner, that the MHA required possession of the property by April 1, 1975, and that Hamilton Realty would be "charged with the rental of the property" until it surrendered its keys to the MHA. The MHA did not advise Hamilton Realty about the terms of the rental or the effective date of the rental period. The MHA took no action to gain possession of the property prior to April 1, 1975, but both defendants vacated the property on April 28, 1975, and have since refused either to be charged with or to pay the rental payments demanded by the MHA.

The record before us indicates that the trial judge determined that the agreed statement of facts was ambiguous in certain respects and that he relied upon the contents of correspondence between the parties and other exhibits in reaching his decision. There is no transcript of proceedings below, and the exhibits have not been transferred to this court. For these reasons, "no question is before us as to the sufficiency of the evidence to sustain the verdict and we are limited to the consideration of errors apparent on the face of the record" before us. *Bergeron v. Hunt*, 110 N.H. 278, 266 A.2d 121 (1970) (citations omitted).

The trial court gave two basic reasons for its decision that the defendants were not obligated to pay rent to the MHA: that there was "no evidence of an express or implied agreement grounding an assumpsit action" and that on the facts of this case RSA ch. 498-A does not authorize the MHA to collect rent.

Inasmuch as RSA ch. 498-A is silent on the question of its entitlement to rent, the MHA contends that under the

circumstances existing between the parties in this case an implied promise to pay rent arises. We have held, however, that "[f]rom the defendant's occupation and acknowledged tenancy, the law does not imply a promise to pay rent. The question whether there was such a promise is a question of fact." *Savings-Bank v. Getchell*, 59 N.H. 281, 285 (1879); *accord Racine v. Armstrong*, 100 N.H. 96, 97, 120 A.2d 137, 139 (1956); *Welcome v. Labontee*, 63 N.H. 124, 125 (1884).

Although situations such as the one involved in the present case may readily result in a finding that an implied promise to pay rent exists, the plaintiff MHA had the burden of establishing the existence of such a promise by a preponderance of the evidence. The trial court, relying upon the evidence which was presented to it, not all of which is known to us, found that the plaintiff had failed to meet its burden of proof with respect to this fact. Instead, the trial court expressly found to the contrary, and stated that "the defendants were in possession on the reasonable expectation that they could remain there until April 1, 1975, no mention having previously been made of rent." We cannot say as a matter of law that the trial court erred in finding that the MHA had failed to meet its burden of proof. *See Howard Laces, Inc. v. Colby Footwear, Inc.*, 112 N.H. 380, 296 A.2d 909 (1972).

In its brief, the MHA suggests that Rice's, Inc. may have been paying rent to Hamilton Realty between December 13, 1974, and April 28, 1975. There is, however, nothing in the record before us which indicates that Rice's, Inc. was paying rent to Hamilton Realty during this period.

In any event, since neither this fact nor the issues raised thereby were raised in the trial court before the case was submitted for its decision, it is not properly before us now. *See Rinden v. Hicks*, 119 N.H. 811, 813, 408 A.2d 417, 418 (1979).

*Judgment for the defendants.*

All concurred.