Hillsborough
No. 80-394

MICHAEL H. BOUCHER

v.

EMPLOYERS MUTUAL CASUALTY COMPANY

June 12, 1981

*Smith, Currier, Connor, Wilder & Lieberman,* of Nashua (*Jeffrey A. Zall* on the brief and orally), for the plaintiff.

*Wiggin & Nourie,* of Manchester (*Richard B. McNamara* on the brief and orally), for the defendant.

BROCK, J. This is a petition for declaratory judgment (RSA 491:22) in which the plaintiff seeks to determine whether damages he incurred as a result of injuries he sustained while operating his motorcycle are covered by the uninsured motorist endorsement in the insurance policy that covers his automobile. The Superior Court (*Goode,* J.) considered the case based upon the pleadings, agreed statement of facts, and supporting memoranda filed by the parties, and ruled that the plaintiff's damages were not covered under the automobile liability policy. The plaintiff appealed to this court. For the reasons which follow, we hold that the plaintiff's automobile liability policy does afford coverage to the plaintiff for the injuries which he received while operating his motorcycle.

On May 2, 1978, the plaintiff was operating his own uninsured motorcycle and was struck by an uninsured automobile. At the time of the accident, the plaintiff also owned a 1971 Chevrolet automobile that was insured under a policy issued by the defendant. Pursuant to RSA 268:15-a, that insurance policy contained an uninsured motorist endorsement. Claiming coverage for the damages he suffered in the accident under that endorsement, the plaintiff filed a claim with the defendant. The claim was denied on the ground that the following exclusion set forth in the uninsured motorist provisions of the policy excluded coverage for the plaintiff's injuries.

"EXCLUSIONS. This policy does not apply under part IV [the uninsured motorist section]:

(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured. . . ."

Following denial of coverage by the defendant, the plaintiff brought the present petition.

On this appeal, the plaintiff presents two arguments. First, he claims that the exclusion is repugnant to our uninsured motorist statute, RSA 268:15-a. Second, he argues that the exclusion applies only to a named insured while he is operating an uninsured owned *automobile*, and not to his operation of an uninsured owned *motorcycle*.

The plaintiff's first argument is readily disposed of as it raises the same issue that we addressed in *Beliveau v. Norfolk & Dedham Mut. Fire Ins. Co.*, 120 N.H. 73, 411 A.2d 1101 (1980). We specifically held in that case that the exclusion was not repugnant to RSA 268:15-a.

In considering plaintiff's second argument, we must refer to specific policy provisions and definitions. Under the applicable exclusion, the plaintiff is clearly not insured for injuries and damages if they were sustained "while [he was] occupying an automobile (other than an insured automobile) owned by [him]. . . ." The question which must be answered is whether the plaintiff's *motorcycle* is, for purposes of this exclusion, to be considered an automobile. If it is, then the plaintiff would not be afforded coverage under the policy.

If indeed it was the intent of the insurer to exclude coverage for its insured's damages arising out of his operation of all motor driven vehicles owned by him but not insured under his policy with the defendant, its use of the word "automobile" to accomplish

that purpose is at best questionable. At least one dictionary defines automobile as "[a] *four-wheeled* vehicle, [especially] a car for passengers, carrying its own propelling mechanism. . . ." NEW WEBSTER'S DICTIONARY OF THE ENGLISH LANGUAGE (College Edition 1975) (emphasis added). *See also* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (unabridged 1961). At the very least, the use of the word "automobile" creates an ambiguity as to whether the term includes motorcycles, which are two-wheeled vehicles. Within the confines of the insurance policy itself, the following definition is given: " 'private passenger *automobile*' means a *four-wheel* private passenger, station wagon or jeep type automobile." While this definition does not apply to the word "automobile" alone, it only adds to the overall ambiguity.

In electing to use the word "automobile" in the exclusion in question, the insurer has created an exclusionary clause that is reasonably susceptible to different interpretations: (1) "automobile" is limited to four-wheel vehicles, and the plaintiff is insured; or (2) "automobile" includes motorcycles, and the plaintiff is not insured. In such situations we will adopt the interpretation that favors the insured. *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 771–72, 423 A.2d 980, 984–85 (1980). Accordingly, we hold that the defendant must provide the plaintiff with uninsured motorist coverage up to the applicable policy limits for his damages.

*Reversed; judgment for the plaintiff.*

All concurred.