Hillsborough
No. 80-461

MICHAEL FOLEY

v.

HORACE MANN MUTUAL INSURANCE COMPANY

November 16, 1981

*Laflamme, Champagne & Moquin*, of Manchester (*Richard C. Moquin* on the brief and orally), for the plaintiff.

*Augustine J. McDonough P.A.*, of Manchester (*Michael B. O'Shaughnessy* on the brief and *Augustine J. McDonough* orally), for the defendant.

BROCK, J. This is a petition for declaratory judgment (RSA 491:22), in which the plaintiff seeks a judicial determination that he is entitled to medical payment benefits under an automobile liability policy issued to his father for injuries that the plaintiff received while operating his brother's motorcycle. The case was submitted on the pleadings, the insurance policy and an agreed statement of facts. The Superior Court (*Flynn*, J.) ruled that the plaintiff was not entitled to medical payment benefits. The plaintiff appealed to this court and we affirm.

On March 17, 1977, the plaintiff, while operating a motorcycle owned by his brother, was involved in a collision, the exact nature of which is not revealed in the parties' agreed statement of facts.

Neither the plaintiff nor his brother had an automobile liability policy, and the motorcycle was uninsured. However, their father, Donald D. Foley, with whom they both resided, owned an automobile which was insured under a policy issued by the defendant. This policy referred only to a 1976 Chevrolet Impala owned by the plaintiff's father, and listed the father as the named insured.

The policy provides medical payment benefits of $2,000,

> "[t]o or for the named insured and each relative who sustains bodily injury . . . caused by accident,
>     (a) while occupying the owned automobile
>     (b) while occupying a non-owned automobile . . . .
>     (c) through being struck by an automobile . . . . "

In a memorandum of law filed by the plaintiff in the superior court, he claimed that he was covered under part (b), "while occupying a non-owned automobile . . . ." The policy, however, defines a "non-owned automobile" as "an automobile . . . not owned by or furnished for the regular use of the named insured or any relative . . . ."

■ Even if we were to resolve the alleged ambiguity between the terms "motorcycle" and "automobile" in the plaintiff-insured's favor, *see Boucher v. Employers Mut. Cas. Co.*, 121 N.H. 524, 526, 431 A.2d 137, 138–39 (1981), the clear language of the policy precludes coverage when an insured is operating a relative's automobile/motorcycle.

■ We next consider whether RSA 268:15-b compels us to interpret the policy in such a manner as to provide coverage for the plaintiff's damages.

RSA 268:15-b provides in pertinent part:

> "Any motor vehicle liability policy . . . covering a private passenger automobile and issued or delivered in this state shall provide coverage . . . equal to or greater than $1,000 per person for medical costs incurred as a result of injuries sustained in an accident involving the *insured motor vehicle* . . . ."

(Emphasis added.) The insured motor vehicle under the policy is the automobile owned by the plaintiff's father, not the motorcycle belonging to the plaintiff's brother. The collision in which the plaintiff was injured did not involve the insured motor vehicle. Since, under RSA 268:15-b, medical payments need only be vehicle-related, *cf. Beliveau v. Norfolk & Dedham Mut. Fire Ins.*

*Co.*, 120 N.H. 73, 76, 411 A.2d 1101, 1103 (1980), the plaintiff is not covered for medical expenses incurred in an accident while riding his brother's motorcycle under a policy insuring his father's automobile.

Finally, we consider the plaintiff's claim, raised for the first time on appeal, that he is entitled to medical payment benefits under part (c) of the policy set forth above because he was struck by an automobile while riding the motorcycle. We disagree with the plaintiff's interpretation of part (c) of the policy. This part, when read in context, appears to be limited to accidents in which the insured is not occupying a motor vehicle. Moreover, because the plaintiff did not raise this issue before the trial court, he cannot successfully raise it here. *Rinden v. Hicks*, 119 N.H. 811, 813, 408 A.2d 417, 418 (1979).

Accordingly, the order is

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.