[No. 6106–0–III.   Division Three.   April 23, 1985.]

EUGENE RYAN, ET AL, *Respondents,* v. ROBERT HARRISON, ET AL, *Appellants.*

*Robert J. Crotty, Kevin J. McCullough,* and *Lukins & Annis, P.S.,* for appellants.

*Judith A. Corbin* and *Huppin, Ewing, Anderson & Hergert,* for respondents.

GREEN, C.J.—Dennis Buddrius d/b/a Red Baron Aviation was engaged in the business of aerial application of herbicides to crops. Red Baron was insured under a certificate of insurance with Underwriters at Lloyd's and Phoenix Assurance Co., Ltd., which contained the following exclusion:

Exclusions
THIS POLICY DOES NOT APPLY:

. . .

4. to injury to or destruction of any crops, pastures, trees or tangible property to which the aerial application is *deliberately made whether in error or not;*

(Italics ours.) Initially this exclusion was deleted from the policy and later reinserted at the request of Red Baron resulting in a substantial premium reduction. A judgment was entered in favor of the Harrisons against Red Baron for negligently applying a chemical to their alfalfa field instead of a wheat field causing damage to the alfalfa crop. It is undisputed the damage was caused by a direct application of 2,4–D to the field.

The insurers brought this declaratory action to determine whether exclusion 4 precluded coverage for the judgment. The trial court held there was no coverage. We affirm.

Insurance policies are to be construed in accordance with the general rules applicable to other contracts

with interpretation a question of law. *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 480, 687 P.2d 1139 (1984); *Kelly v. Aetna Cas. & Sur. Co.,* 100 Wn.2d 401, 407, 670 P.2d 267 (1983). "'Unless there is an ambiguity in the terms of a contract and contradictory evidence is introduced to clarify the ambiguity, summary judgment is proper despite a difference between the parties as to the legal effect of the provision in question.'" *Greer v. Northwestern Nat'l Ins. Co.,* 36 Wn. App. 330, 334, 674 P.2d 1257 (1984) (quoting *Hallauer v. Certain,* 19 Wn. App. 372, 375–76, 575 P.2d 732 (1978)). In construing the language of an insurance contract, the court examines the contract as a whole and if on the face of the contract two reasonable and fair interpretations are possible, an ambiguity exists. *State Farm Gen. Ins. Co. v. Emerson, supra* at 484.

█ Here, the policy excluded coverage for aerial applications "deliberately made whether in error or not". It is beyond dispute the applicator made an error and sprayed the wrong field. The question is whether he "deliberately" did so within the meaning of the exclusion.

Since the word "deliberately" is not defined in the policy, it must be given its usual and ordinary meaning. *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 73, 549 P.2d 9 (1976); *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group,* 37 Wn. App. 621, 624, 681 P.2d 875 (1984); *Greer v. Northwestern Nat'l Ins. Co., supra* at 336–37. Deliberately is ordinarily defined as willful, intentional; purposely, well thought out; careful consideration of the consequences of a step. Black's Law Dictionary 513 (4th rev. ed. 1968); 3 *Oxford English Dictionary* 159 (1969); *Webster's Third New International Dictionary* 596 (1969). The facts must be considered in light of these definitions.

Red Baron's pilot knew and, by preparing the plane and loading it with the herbicide, carefully considered and formed an intention to spray the wheat field. He was presumably aware of the implications or consequences of doing so, *i.e.,* to kill certain vegetation. He deliberately chose the field that was sprayed, albeit the wrong one. Thus, he made

an error. He intentionally released the herbicide thinking he was spraying the wheat field. The release was a deliberate act. An accident is never present when a deliberate act is performed unless some additional, unexpected, independent and unforeseen happening occurs which produces the damage; "[t]o be an accident, both the means and the result must be unforeseen, involuntary, unexpected, and unusual." *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group, supra* at 624; *see also Safeco Ins. Co. v. Dotts,* 38 Wn. App. 382, 385, 685 P.2d 632 (1984) (insured deliberately slapped a person not intending to hurt him, but the person died. Held: not an accident, but a result of a deliberate act even though consequence unexpected.).

Thus, the insured by deliberately but erroneously spraying the wrong field caused damage which, by reason of exclusion 4, is not covered by the policy.

Red Baron argues the policy is ambiguous and for that reason should be construed against the insurers. This argument is set in the context of an endorsement to the policy containing exclusion 5[1] which was deleted upon payment of an additional premium. It is contended that the deleted exclusion was inconsistent with exclusion 4 and thus renders the policy ambiguous. We disagree. When no ambiguity exists in the language of the contract, all conversations, contemporaneous negotiations, or other agreements between the parties prior to the written agreement are merged therein and thus are not admissible for the purpose of contradicting, subtracting from, adding to, or varying the terms of the written agreement. *Fleetham v. Schneekloth,* 52 Wn.2d 176, 178–79, 324 P.2d 429 (1958); *Schinnell v. Doyle,* 6 Wn. App. 830, 496 P.2d 566 (1972). Since exclusion

---

[1]Exclusion 5 provides:

"THIS POLICY DOES NOT APPLY TO:

" . . .

"5. with respect to . . . injury to or destruction of crops, pastures, trees or animals, insects or fish in or upon the land belonging to a farmer, grower, or owner for whom the aerial application is being performed by the Insured".

5 is not a part of the policy, it should not be considered in construing it. Red Baron in its brief does not point out what is ambiguous about the language contained in exclusion 4.

■ Even if we considered exclusion 5, each exclusion must be read independently of the other exclusions as each refers to the risk insured against in the coverages and not to the other exclusions. *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group, supra* at 627, relying on *Stillwater Condominium Ass'n v. American Home Assur. Co.,* 508 F. Supp. 1075 (D. Mont. 1981), *aff'd,* 688 F.2d 848 (9th Cir. 1982), *cert. denied,* 460 U.S. 1038 (1983); *St. Paul Fire & Marine Ins. Co. v. Coss,* 80 Cal. App. 3d 888, 145 Cal. Rptr. 836 (1978); *Weedo v. Stone–E–Brick, Inc.,* 81 N.J. 233, 405 A.2d 788, 795 (1979). Thus, exclusion 4 must be read independently of exclusion 5. When this is done, the claimed confusion between the two clauses does not arise.

When an aerial application of chemicals is made, there can be damage to either the thing sprayed or to an adjacent field or farm caused by the chemical drifting. Exclusion 4 applies to damage caused by a direct application. This policy provides protection against liability for "drift" of chemicals to a field other than the one receiving the direct application. The record shows "drift" is the risk normally insured against in aerial applicators' policies.

■ Finally, Red Baron contends it understood it had coverage for an occurrence such as happened here and therefore the "reasonable expectation doctrine" applies. We decline to apply the doctrine. The reasonable expectation doctrine

> permits the court to look beyond the four corners of the document to specific, external evidence of ambiguous circumstances which reasonably justified the insured's expectation of coverage. *See* Note, *A Reasonable Approach to the Doctrine of Reasonable Expectations as Applied to Insurance Contracts,* 13 J. L. Reform 603 (1980).

*State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d at 485. While the Washington court has discussed this doctrine, it has not adopted or applied it. *State Farm Gen. Ins. Co. v. Emerson, supra* at 485. In fact, two appellate cases hold that a policy should be enforced according to its clear meaning and purpose regardless of the coverage the insured thought he had. *Nevers v. Aetna Ins. Co.,* 14 Wn. App. 906, 908, 546 P.2d 1240 (1976); *Dennis v. Great Am. Ins. Co.,* 8 Wn. App. 71, 74, 503 P.2d 1114 (1972).

We hold exclusion 4 is not ambiguous and operates to deny coverage under the facts presented.

Affirmed.

Munson and McInturff, JJ., concur.

Review denied by Supreme Court June 21, 1985.