[No. 7320-0-II. Division Two. February 27, 1986.]

FARMERS INSURANCE GROUP, *Respondent,* v. ROGER JOHNSON, ET AL, *Appellants.*

*Richard F. DeJean,* for appellants.

*Jack F. Nevin, Robert D. Nelson,* and *Davies & Pearson, P.C.,* for respondent.

ALEXANDER, J.—Roger and Carol Johnson appeal the grant of summary judgment in favor of Farmers Insurance Group denying the Johnsons coverage under their homeowner's insurance policy. We affirm.

The facts of this case, as established in the affidavits and supporting documents presented to the trial court, are not greatly in dispute. The Johnsons own a family home on Lake Tapps in Pierce County. On August 9, 1981, Kevin Shumake was being towed at the lake on an innertube behind the Johnsons' 250 horsepower inboard speedboat. The boat was piloted by the Johnsons' son, 21–year–old Michael, who was operating the boat with his parents' permission. The innertube struck a stump protruding out of the lake and, as a result, Shumake suffered permanent injury to his knees. The accident occurred in a cove on the lake, about 150 to 175 yards from the Johnson family dock and 15 feet from shore. Michael Johnson admitted that before the incident he had been drinking beer at a party at the Johnsons' house.

The Johnsons had a homeowner's insurance policy with Farmers which provided coverage for personal liability and

medical expenses for accidents on the insured's premises.[1]

Shumake commenced an action against the Johnsons alleging negligent entrustment of the boat to Michael. The Johnsons tendered defense of the case to Farmers. Farmers then brought an action seeking a declaration of the court that there was no coverage for this accident. The Johnsons answered and counterclaimed for damages. Farmers moved for summary judgment on the question of policy coverage. The Pierce County Superior Court granted the motion, concluding that exclusion 51(b) of the Johnsons' liability policy relieves Farmers from any duty to pay or defend under the policy for injuries arising out of the ownership, operation or use of a watercraft.[2] The order further provided that Farmers was entitled to withdraw its defense of the Johnsons. The Johnsons appeal the grant of summary

---

[1]The policy provides, in relevant part:
>"Division II—Comprehensive Personal Liability
"43. Coverage C—Personal Liability
>"(1) Bodily Injury and Property Damage Liability: To pay all damages which the insured becomes legally obligated to pay because of bodily injury to any person and/or damage to property caused by an occurrence to which this insurance applies . . .
"49. Definitions
>"*'Residence premises' means* (1) a one or two family dwelling building, appurtenant structures, grounds and *private approaches* thereto; . . .
>"*'Horsepower' means brake* horsepower.
>"*'Occurrence'* means an event, or series of events, proximately caused by an act or omission of the insured which results in legal liability, regardless of the number of persons or objects affected by such act or omission.
"Exclusions
"This insurance does not apply under:
"1. Coverage C—Personal Liability and Coverage D—Medical Payments to Others . . .
"51(b) to bodily injury or property damage *arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft:*
>"*(1) owned by or rented to any insured if the watercraft has inboard* or inboard–outboard *motor power of more than 50 horsepower* . . .
>>"This *exclusion does not apply to* (i) *bodily injury or property damages occurring on the residence premises*; . . ."

(Italics ours.)

[2]We note that the trial court's order granting summary judgment did not order dismissal of the Johnsons' counterclaims.

judgment.

The Johnsons first contend the exclusion is inapplicable because Shumake bases his claim solely on a negligent entrustment theory. They argue that such a cause of action is unrelated to an injury "arising out of the ownership, maintenance, operation [or] use . . ." of a watercraft. They contend that exclusion 51(b) applies only to injuries arising out of negligent operation or use of a watercraft and does not apply to exclude coverage for an act of negligently entrusting a watercraft to another.

While no Washington case is directly on point, the question has been litigated in other jurisdictions. The Johnsons cite *Heritage Mut. Ins. Co. v. Hunter,* 63 A.D.2d 200, 406 N.Y.S.2d 625 (1978) and *Upland Mut. Ins., Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974) in support of their position.[3] In both cases the court concluded that negligent entrustment is a separate and independent cause of an injury and thus is not excluded by provisions similar to the pertinent exclusion here.

Notwithstanding the cases cited by the Johnsons, the preferable trend appears to us to be in the direction of precluding coverage. *Allstate Ins. Co. v. Ellison,* 757 F.2d 1042 (9th Cir. 1985). Courts of other jurisdictions recognize that the cause of action of negligent entrustment is not exclusive of, but, rather, is derived from the ownership, operation or use of an instrumentality. *Barnstable Cy. Mut. Fire Ins. Co. v. Lally,* 374 Mass. 602, 373 N.E.2d 966 (1978).[4] In a

---

[3]*See also United Fire & Cas. Co., Cedar Rapids, Iowa v. Day,* 657 P.2d 981 (Colo. Ct. App. 1982); *United States Fid. & Guar. Co. v. State Farm Mut. Auto. Ins. Co.,* 107 Ill. App. 3d 190, 437 N.E.2d 663 (1982); *Republic Vanguard Ins. Co. v. Buehl,* 295 Minn. 327, 204 N.W.2d 426 (1973); *McDonald v. Home Ins. Co.,* 97 N.J. Super. 501, 235 A.2d 480 (1967); *Lalomia v. Bankers & Shippers Ins. Co.,* 35 A.D.2d 114, 312 N.Y.S.2d 1018 (1970), *aff'd,* 31 N.Y.2d 830, 291 N.E.2d 724, 339 N.Y.S.2d 680 (1972); *Douglass v. Hartford Ins. Co.,* 602 F.2d 934 (10th Cir. 1979).

[4]*See also Lumbermen's Mut. Cas. Co. v. Kosies,* 124 Ariz. 136, 602 P.2d 517 (Ct. App. 1979); *Aetna Cas. & Sur. Co. v. American Mfrs. Mut. Ins. Co.,* 261 Ark. 326, 547 S.W.2d 757 (1977); *State Farm Fire & Cas. Co. v. Keenan,* 171 Cal. App. 3d 1, 216 Cal. Rptr. 318 (1985); *Safeco Ins. Co. v. Gilstrap,* 141 Cal. App. 3d 524, 190 Cal. Rptr. 425 (1983); *Insurance Co. of North Am. v. Waterhouse,* 424 A.2d

well reasoned opinion, the Alabama Supreme Court expressed the logic behind this conclusion:

> It is the concurrence of these dual elements—negligent entrustment by the owner or custodian of the instrumentality plus its negligent use by the entrustee—that is missing in the rationale of those cases upholding coverage. . . .
>
> The clear and unambiguous language here applicable is susceptible of but one meaning; that this homeowner's policy excludes personal liability coverage for bodily injury arising out of the ownership and use of an automobile owned or operated by the insured. It is the very condition spelled out in this exclusion from coverage that must be proved in fixing liability against the insured under the negligent entrustment doctrine. Once the essential elements of the tort claim for negligent entrustment . . . are proved, the policy exclusion is likewise legally operative so as to effectively bar liability of the insurer.

*Cooter v. State Farm Fire & Cas. Co.,* 344 So. 2d 496, 499 (Ala. 1977).

 We are mindful of the fact that in Washington, exclusionary clauses are strictly construed against the insurer. *Phil Schroeder, Inc. v. Royal Globe Ins. Co.,* 99 Wn.2d 65, 659 P.2d 509 (1983), *modified,* 101 Wn.2d 830, 683 P.2d 186 (1984). This rule, however, may not be applied to override the clear intent of the parties. *Phil Schroeder, Inc. v. Royal Globe Ins. Co., supra; Farmers Ins. Co. v.*

---

675 (Del. Super. Ct. 1980); *Gargano v. Liberty Mut. Ins. Co.,* 384 So. 2d 220 (Fla. Dist. Ct. App. 1980); *State Farm Fire & Cas. Co. v. McGlawn,* 84 Ill. App. 3d 107, 404 N.E.2d 1122 (1980); *American Universal Ins. Co. v. Cummings,* 475 A.2d 1136 (Me. 1984); *Michigan Mut. Ins. Co. v. Sunstrum,* 111 Mich. App. 98, 315 N.W.2d 154 (1981); *Fillmore v. Iowa Nat'l Mut. Ins. Co.,* 344 N.W.2d 875 (Minn. Ct. App. 1984); *Shelter Mut. Ins. Co. v. Politte,* 663 S.W.2d 777 (Mo. Ct. App. 1983); *Williamson v. Continental Cas. Co.,* ___ N.J. Super. ___, 492 A.2d 1028 (1985); *Great Cent. Ins. Co. v. Roemmich,* 291 N.W.2d 772 (S.D. 1980); *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus,* 633 S.W.2d 787 (Tex. 1982); *Bankert v. Threshermen's Mut. Ins. Co.,* 105 Wis. 2d 438, 313 N.W.2d 854 (Ct. App. 1981), *aff'd,* 110 Wis. 2d 469, 329 N.W.2d 150 (1983).

Although many of the cases cited by both parties interpret a similar exclusion relating to the ownership, operation or use of an automobile, we see no reason to distinguish between an automobile and a speedboat.

*Clure,* 41 Wn. App. 212, 215, 702 P.2d 1247 (1985). When, as here, the language of the exclusion is clear and unambiguous, we will not revise the insurance contract under the guise of construing it. *Britton v. Safeco Ins. Co. of Am.,* 104 Wn.2d 518, 707 P.2d 125 (1985). By adopting the Johnsons' argument, we would be rewriting the policy to bind the insurer to a risk that it did not contemplate, and for which it has not been paid. *Safeco Ins. Co. v. Gilstrap,* 141 Cal. App. 3d 524, 190 Cal. Rptr. 425 (1983). We refuse to do so, and hold that a claim based on negligent entrustment is indivisibly related to the exclusionary clause at issue.

The Johnsons raise three other issues that merit only the briefest attention. First, they contend that the trial court erred in ruling that Farmers Insurance was entitled to withdraw its defense of the Shumake v. Johnson suit. That suit was apparently settled, with counsel retained by Farmers representing the Johnsons throughout the underlying proceeding.[5] Any issue premised on the court's ruling is therefore moot. *State v. Turner,* 98 Wn.2d 731, 733, 658 P.2d 658 (1983). In any event, an insurer has no duty to defend its insureds if their complaint alleges an event not covered under the policy. *Talarico v. Foremost Ins. Co.,* 105 Wn.2d 114, 117, 712 P.2d 294 (1986).

Next, the Johnsons challenge the dismissal by arguing that because the policy is a contract of adhesion, their reasonable expectations should be enforced. They then argue that the policy as a whole led them to expect coverage for the negligent acts of third persons. We are not persuaded.

The so-called "adhesion" doctrine refers to standardized contracts that give the consumer, the party with the weaker bargaining power, no realistic choice as to its terms. *Wheeler v. St. Joseph Hosp.,* 63 Cal. App. 3d 345, 133 Cal. Rptr. 775 (1976). The import of the doctrine in this context is that when faced with an ambiguous docu-

---

[5]We discern this point only from a statement in Farmers' brief. However, it has never been disputed by the Johnsons and the record does not indicate otherwise.

ment, the court is committed to enforcing the reasonable expectations of the insured. *Fortune v. Wong,* ___ Hawaii ___, 702 P.2d 299, 305–06 (1985). Our Supreme Court has discussed the reasonable expectation doctrine when faced with a policy claimed to be structurally ambiguous. In *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 485, 687 P.2d 1139 (1984), the court explained that the doctrine permits the court to look beyond the four corners of an insurance contract and enforce the insured's reasonable expectation of coverage. However, this doctrine has never been adopted or applied in Washington, *Ryan v. Harrison,* 40 Wn. App. 395, 400, 699 P.2d 230, *review denied,* 104 Wn.2d 1003 (1985), and we decline to do so at this time. Particularly when, as here, an exclusionary clause is clear and unambiguous, it will be enforced regardless of the coverage the insureds might have thought they had. *State Farm Gen. Ins. Co. v. Emerson, supra; Ryan v. Harrison, supra.*

The Johnsons also contend that the policy's 1–year statute of limitations applies to this case. Not only is this contention unsupported by argument or authority, it is a patent misinterpretation of the contract. The contract provides that "[n]o suit or action *on this policy* for the *recovery of any claim* shall be sustainable . . . unless commenced within twelve months next after inception of the loss." (Italics ours.) A declaratory judgment action is not an action for the recovery of a claim. The time limitation does not apply.

Finally, the Johnsons contend that the trial court erred in failing to require Farmers to prove that the accident factually fell within the exclusion. We disagree.

A summary judgment is properly granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982); *Dairyland Ins. Co. v. Uhls,* 41 Wn. App. 49, 52, 702 P.2d 1214 (1985).

First, the Johnsons argue that Farmers only showed that the boat was over 50 horsepower, rather than over 50 "brake" horsepower (see footnote 1 (policy section 49)). In his deposition and requests for admissions, Roger Johnson himself admitted that his boat was powered by a 250–horsepower engine. The Johnsons' argument that Farmers was required to show that the terms are synonymous strikes us as "hairsplitting" in the extreme. We certainly acknowledge that we must view facts in the light most favorable to the nonmoving party, *Barber v. Bankers Life & Cas. Co.*, 81 Wn.2d 140, 500 P.2d 88 (1972). However, on this showing, we believe that reasonable minds could only reach one conclusion. *Wilson v. Steinbach, supra.* The trial judge was justified, therefore, in concluding that no material factual issue existed on this point. If the Johnsons had evidence that "horsepower" is something other than "brake horsepower" then they should have raised that issue at the trial court level. They had every opportunity to do so. The issue should not be raised for the first time on appeal. *Deacy v. College Life Ins. Co. of Am.*, 25 Wn. App. 419, 425, 607 P.2d 1239 (1980); *Save–Way Drug, Inc. v. Standard Inv. Co.*, 5 Wn. App. 726, 727, 490 P.2d 1342 (1971).

The Johnsons also argue that Farmers failed to prove that the accident did not occur on a "private approach" to their residence, thus making the applicability of the exception to the exclusion an issue of fact. Again, we disagree.

While the status of Lake Tapps is not entirely clear from the record before us, the Johnsons concede that Puget Sound Power and Light Company has an interest in the lake and has the right and obligation to maintain and care for it. Mr. Johnson states in his affidavit that members of Driftwood Point Maintenance Company have special rights to use the lake. However, both Michael and Mr. Johnson indicated in their depositions that the lake is often crowded with numerous boaters and waterskiers. Indeed, there were three other boats in the cove at the time the accident

occurred.[6] From the record before us, it appears that the main lake and any coves and channels are quasi–public.

It is true that Mr. Johnson, in his affidavit, stated that they frequently approach their home from the water. However, they do not allege, nor does the record indicate, that any such approach is either *private* or exclusive. A private approach contemplates a means of access to one's house that belongs to a particular person or group and is not common or general. *See Webster's New World Dictionary* 1131 (2d ed. 1979). Accordingly, in order to not fall within the exclusion the homeowner must use the approach exclusively, or, at the very least, if he uses it in conjunction with others he must have the right to exclude the public. *Cf. Torbert v. Anderson,* 301 Minn. 339, 222 N.W.2d 341 (1974) (the plain meaning of private approaches does not include a public lake).

In *Allstate Ins. Co. v. Gutenkauf,* 103 Ill. App. 3d 889, 431 N.E.2d 1282 (1981), the Illinois Appellate Court confronted a similar situation and an identical policy definition of "premises." The court's analysis is particularly helpful here. In that case, the homeowner owned a residence on the lake and jointly owned a second vacant lot, including a perpendicular pier and raft. About 10 to 15 feet from the shoreline in front of the vacant lot, he left the engine of his boat running and his 2–year–old son threw the control lever into reverse, causing the boat to lurch backward and strike his daughter who was standing behind the boat waiting to waterski. The court emphasized that the insured's daughter was neither standing on his private property nor touching the pier or raft structures owned and maintained by the family. *Allstate Ins. Co.,* 103 Ill. App. 3d at 892–93. In rejecting the defendants' argument that the premises extended at least 15 feet into the lake, the court persuasively reasoned that:

---

[6]The record reveals that the cove is about 125 yards wide and leads into the lake through a 150–foot–wide channel.

to define a portion of the lake as premises would involve an arbitrary line–making decision which could lead to further line drawing extensions. . . . "[I]f defendants' interpretation of the coverage clause were adopted, the 'insured premises' definition would be rendered meaningless for there would be no geographical limit to coverage and liability for conduct * * *"

(Citations omitted.)

The Johnsons rely on *St. Paul Fire & Marine Ins. Co. v. Coleman,* 204 F. Supp. 713 (W.D. Ark. 1962), *aff'd,* 316 F.2d 77 (8th Cir. 1963). We find this case easily distinguishable. There, the insureds ran a marine service on the lake and the accident originated at their fueling dock. Unlike the Johnsons' policy, their policy was designed to protect the insureds in their business capacity as a marina operator and did not define "premises." *Torbert v. Anderson,* 222 N.W.2d at 343.

The obvious purpose of the watercraft exclusion was to limit the scope of liability for boating injuries. *Accord, Allstate,* 431 N.E.2d at 1287. As explained in *Torbert v. Anderson,* 301 Minn. at 343:

The nature of homeowners policies is consistent with coverage for boat–related accidents *on* the premises, regardless of the horsepower of the *motor.* The horsepower of a motor makes it more dangerous only when away from shore or dock. Marine insurance riders in homeowners policies are available for those who purchase or rent boats with large motors.

The watercraft exclusion in the Johnsons' policy was properly applied to exclude coverage for the accident. Summary judgment in favor of Farmers is affirmed.

REED, A.C.J., and PETRIE, J. Pro Tem., concur.

Reconsideration denied April 30, 1986.

Review denied by Supreme Court July 8, 1986.