■ JAMES G. LORETTE, SR., et al., Plaintiffs, v BELLEVUE BUILDERS SUPPLY, INC., Defendant and Third-Party Plaintiff-Appellant. WOODIN TRANSPORTATION CO., INC., Third-Party Defendant-Respondent.—Appeal (1) from an order of the Supreme Court at a Trial Term, entered November 16, 1976 in Albany County, which granted a motion by third-party defendant for a judgment as a matter of law at the close of all the evidence, and (2) from the judgment entered thereon. The underlying action is one based in negligence to recover for personal injuries sustained by plaintiff, an employee of Woodin Transportation Co., Inc., the third-party defendant. On August 14, 1973 plaintiff drove to defendant Bellevue's lumber yard located in Rotterdam, New York, to pick up a load of lumber to be delivered to Indian Lake, New York. On the following day plaintiff was injured when a timber struck him while he was preparing to unload the truck. Plaintiff commenced this action against defendant who impleaded Woodin based upon both an implied contract by Woodin to indemnify defendant and upon Woodin's alleged negligence in failing to inspect the load and in failing to provide properly trained employees. The record reveals that defendant was responsible for packaging of the lumber for loading by banding it with steel. Defendant was also responsible for the actual loading subject to plaintiff's direction on weight distribution in the trailer. While there is conflicting testimony, it appears that it was the custom of the trade, and requested by plaintiff, that the lumber be banded and this was not done. It also appears from the record that the accident could not have happened if this were done. The trial court dismissed the third-party complaint at the close of all the evidence. The jury found for the plaintiff against the defendant in the main action. This appeal ensued. In urging reversal defendant contends Woodin may be found liable under the doctrine of *respondeat superior* for the failure of Woodin's employee (plaintiff) to ascertain that the lumber was loaded properly. It also contends liability may be based on contractual indemnification. In our view, the doctrine of *respondeat superior* has no application to the instant factual situation (37 NY Jur, Master and Servant, §§ 149–150). Furthermore, any liability on the part of the third-party defendant would arise vicariously because of plaintiff's negligence. Such contributory negligence, however, would defeat his cause of action. Implicit in the jury's verdict is the conclusion that plaintiff was free from contributory

negligence. Consequently, on this issue there is no basis for impleader. We also reject defendant's contention that a viable cause of action was established on a contractual term of indemnification. The record, in our view, is devoid of any terms of indemnification. The Trial Term, therefore, properly dismissed the third-party complaint and that determination should be affirmed. We have considered all other arguments raised by defendant and find them unpersuasive. Order and judgment affirmed, with costs. Sweeney, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.