OPINION OF THE COURT
Harold J. Hughes, J.
The third-party defendant Quentin E. Shaver makes this motion to dismiss the third-party complaint upon the grounds that it fails to state a cause of action (CPLR 3211, subd [a], par 7).
*669 The prime action arises from an accident that occurred on February 5, 1978 when two snowmobiles collided in the middle of the ice on Crooked Lake at a snowmobile rally sponsored by the Sand Lake Kiwanis Club. Richard Ware, age 15, the operator of one of the snowmobiles, sustained personal injuries and sued Patrick Lang and Robert Pierson, the operator and the owner, respectively, of the other snowmobile, as well as the Sand Lake Kiwanis Club. Pierson, in turn, commenced a third-party action against Quentin E. Shaver, the owner of the snowmobile that the infant plaintiff was operating, as well as Richard L. Ware, Sr., the father of the plaintiff.
The third-party complaint seeks contribution and/or indemnity, and alleges that Richard L. Ware, Sr., and Quentin E. Shaver negligently entrusted a dangerous instrumentality to the infant plaintiff. The motion to dismiss is not supported by an affidavit and, thus, is addressed to the sufficiency of the third-party complaint on the face. Upon the oral argument, the attorney for the movant took the position that the third-party complaint proceeds upon a theory of vicarious liability on the part of the owner of the snowmobile for the negligence of its operator, the infant plaintiff, and that there can be no contribution based upon a theory of vicarious liability.
 On a motion to dismiss a complaint addressed solely to the face of the pleading, the complaint must be sustained if under any fair reading it states a viable cause of action irrespective of inartistic draftsmanship (Edwards v Codd, 59 AD2d 148). The movants are correct in their contention that a third-party action for contribution cannot proceed solely upon allegations of vicarious liability on the part of the third-party defendant (Lorette v Bellevue Bldrs. Supply, 59 AD2d 985). However, the allegation that a person negligently entrusted a dangerous instrumentality to a minor constitutes an allegation of independent negligence totally unrelated to vicarious liability (Heritage Mut. Ins. Co. v Hunter, 63 AD2d 200). Moreover, the third-party defendants may be guilty of statutory violations with respect to the operation of the snowmobile herein by the infant plaintiff (Parks and Recreation Law, § 25.21), and, thus, subject to liability for the injuries sustained by said plaintiff. The third-party complaint herein states a claim for contribution against the third-party defendant Quentin E. Shaver under CPLR article 14.
The motion shall be denied, without costs.