**Hector Rene HERNANDEZ–GALINDO and Rebeca Eugenia Sobrado De Hernandez, Plaintiffs,**

**v.**

**MARC–REID ENTERPRISES, INC., doing business as Long Island Jet Center, Inc., Defendant and Third–Party Plaintiff,**

**v.**

**MICHIGAN BRAKE MANUFACTURING, INC., Third–Party Defendant.**

Civ. A. No. CV–92–5910.

United States District Court, E.D. New York.

June 19, 1995.

Kreindler & Kreindler, New York City, for Plaintiffs.

Kwiatowski & Ryan, Floral Park, NY, for Defendant.

Davis, Scott, Weber & Edwards, New York, NY, for Third–Party Defendant.

## MEMORANDUM AND ORDER

TRAGER, District Judge:

The defendant and third-party plaintiff, Marc–Reid Enterprises, Inc., moves for leave to file an amended third-party complaint against third-party defendant Michigan Brake Manufacturing Co. as well as against Servicios Aereos Barsa ("Servicios"), TEBO, and Samuel Bardor. Michigan Brake, on the other hand, has moved for summary judgment. For the reasons set forth below, the court grants in part Marc–Reid's motion to file an amended third-party complaint, and grants Michigan Brake's motion for summary judgment.

*Background*

This case arose out of injuries which the plaintiff, Hector Rene Hernandez–Galindo, allegedly suffered on May 6, 1990. Hernandez–Galindo was the pilot for a private jet which was flown from Westhampton Airport to MacArthur Airport in Long Island (the plane originally was flown from Mexico to New York). Allegedly, while Marc–Reid serviced the plane at MacArthur, the nose wheel exploded and Hernandez–Galindo suffered injuries as a result of this incident.

Marc–Reid previously filed a third-party complaint in which it sought contribution from both Michigan Brake and Samuel Bardor, who, or his company TEBO, had chartered the jet from Mexico to New York. Last year, Bardor moved to have the third-party complaint dismissed because of an absence of personal jurisdiction under New York's long-arm statute. In a Memorandum and Order dated August 25, 1994, the court granted Bardor's motion on the ground that service of process was insufficient. The only third-party defendant which remains is Michigan Brake.

*Present Motions*

Marc–Reid presently alleges that Michigan Brake and the proposed third-party defendants are liable to it for contribution under § 251 of New York's General Business Law. That statute provides that an aircraft owner can be vicariously liable for the negligence of the operator of an airplane, and that lessees or bailees of the plane also can be vicariously liable as long as they exercise exclusive use of the aircraft for thirty days or more. Marc–Reid claims that Servicios is the record owner of the plane, and that TEBO, Bardor, and Michigan Brake are lessees or bailees of the plane.

In support of its claims for contribution under § 251, Marc–Reid argued that (1) plaintiff caused his own injuries, at least in part, through his own negligence; (2) pursuant to § 251, Michigan Brake and the proposed third-party defendants, as owners or lessees or bailees of the plane, were vicariously liable for plaintiff's negligence, and *a fortiori*, for plaintiff's injuries caused by plaintiff's own negligence; and that (3) Michigan Brake and the proposed third-party defendants, were thus joint-tortfeasors with Marc–Reid and subject to the latter's claims for contribution. This argument is erroneous. Although § 251 provides a basis for those injured by a pilot's negligence, such as passengers, to recover damages from the owner or lessee or bailee of the plane, the statute does not impose vicarious liability for injuries which the pilot himself suffers as a result of his own negligence.

The reason for this is clear. "[A]ny liability on the part of the third-party defendant would arise vicariously because of plaintiff's negligence. Such contributory negligence, however, would defeat his cause of action.... Consequently, on this issue there is no basis for impleader." *Lorette v. Bellevue Builders Supply, Inc.,* 59 A.D.2d 985, 399 N.Y.S.2d 348, 349 (App.Div.3d Dep't 1977). *See also Ware v. Sand Lake Kiwanis Club, Inc.,* 100 Misc.2d 668, 420 N.Y.S.2d 60 (Sup.

Ct.1979) (in a suit brought by an operator of a snowmobile for injuries suffered in an accident with another snowmobile, owner of snowmobile which plaintiff operated could not in turn be sued for contribution under theory of vicarious liability). Inasmuch as plaintiff's claims for damages would be reduced by the extent of his own contributory negligence, Marc–Reid's claim for contribution, against Michigan Brake and the proposed third-party defendants based on their derivative liability for plaintiff's negligence, would not only be superfluous, but if countenanced, would yield Marc–Reid an impermissible double-recovery.

> Accordingly, since, on the present state of the record, the plaintiff's verdict will automatically be reduced by the amount of damages, if any, which the jury finds attributable to her failure to use an available seat belt, there will be no recovery for such "second collision" injuries, and, thus, no basis upon which the defendants may seek contribution and/or indemnification from the third-party defendant owing to the latter's alleged failure to supply the plaintiff with an operable seat belt. . . . To then permit them to proceed further and recover back from the third-party defendant a part or all of these avoidable damages for which they will never be subjected to liability would, in our view, constitute a windfall.

*DiMauro v. Metro. Suburban Bus Auth.,* 105 A.D.2d 236, 483 N.Y.S.2d 383, 392 (App. Div.2d Dep't 1984). Accordingly, Marc–Reid may not seek to implead Michigan Brake and the proposed third-party defendants under § 251.

■ However, Marc–Reid, of course, may seek contribution from entities directly, not derivatively, responsible for plaintiff's injuries. Marc–Reid claimed that at the time it serviced the plane on May 6, 1990, the nosewheel was underinflated, a bolt was missing from the nose wheel, and that the plane's safety manual was outdated. If such defects existed, and were a proximate cause for the accident in which plaintiff was injured, then Servicios, the record owner of the plane, plausibly could be held liable for such de-

fects. The court, therefore, grants Marc–Reid leave to implead Servicios.

■ With respect to Michigan Brake, Bardor, or TEBO, Marc–Reid, however, has not established that any of them undertook a duty to have the plane maintained in good repair. At most, Marc–Reid has demonstrated that Bardor and TEBO frequently rented the plane, and that Michigan Brake, a separate company, performed financial services for TEBO. These facts hardly have shown that Bardor, TEBO, and Michigan Brake could be charged with a duty to have the plane maintained in good repair. Noticeably absent from the record is any agreement in which any of these parties agree to undertake the maintenance of the plane. Because Marc–Reid has not submitted any evidence which created a genuine issue as to Michigan Brake's duty to have maintained the plane, Michigan Brake must be dismissed from this suit. Furthermore, Marc–Reid has not come forth with any basis under which it may sue Bardor or TEBO for contribution. Based on the record, the only party against whom Marc–Reid can possibly assert a claim for contribution, is Servicios.

*Conclusion*

The court grants Marc–Reid leave to file a third-party complaint consistent with this decision, no later than June 30, 1995. The court denies Marc–Reid's request for leave to implead Bardor and TEBO. Finally, the court grants Michigan Brake's motion for summary judgment.