No. 64,220 ■

FARMERS INSURANCE COMPANY, INC., *Appellee*, v. STEPHEN R. GILBERT, *Appellant.*

(802 P.2d 556)

Opinion filed December 7, 1990.

*Gerald W. Scott*, of Gerald W. Scott, P.A., of Wichita, argued the cause, and *Dennis L. Phelps*, of Wichita, was with him on the briefs for appellant.

*Stanford J. Smith, Jr.*, of Robbins, Tinker, Smith & Metzger, of Wichita, argued the cause and was on the briefs for appellee.

*Craig C. Blumreich*, of Benfer, Bausch & Blumreich, P.A., of Topeka, was on the brief for *amicus curiae* Kansas Association of Defense Counsel.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, was on the brief for *amicus curiae* The National Association of Independent Insurers.

*Lee H. Tetwiler*, of Paola, was on the brief for *amicus curiae* The Kansas Trial Lawyers Association.

The opinion of the court was delivered by

MCFARLAND, J.: This is a declaratory judgment action brought by Farmers Insurance Company, Inc., to determine the extent of underinsured motorist coverage available to its insured, Stephen Gilbert.

Gilbert owned three motor vehicles—a motorcycle, an automobile, and a van. Each was insured by Farmers under separate policies. Gilbert was seriously injured while riding his motorcycle. The driver of the automobile striking the motorcycle had $25,000

of liability insurance (also under a policy issued by Farmers). Gilbert was paid the $25,000 liability limits of the automobile driver's policy. The policy insuring the motorcycle provided $25,000 in underinsured motorist coverage. Each of the three policies issued to Gilbert contains the following exclusion:

"This coverage does not apply to bodily injury sustained by a person:
1. While occupying any vehicles owned by or provided for the regular use of you or a family member for which insurance is not afforded under this policy."

Farmers contends this is a valid exclusion and precludes Gilbert from collecting any underinsured motorist benefits.

The policies insuring Gilbert's automobile and van each provide $50,000 in underinsured motorist coverage. Gilbert contends the exclusion in each of his policies is broader than that authorized by K.S.A. 1989 Supp. 40-284(e)(1), which provides:

"(e) Any insurer may provide for the exclusion or limitation of coverage:
(1) When the insured is occupying or struck by an uninsured automobile or trailer owned or provided for the insured's regular use"

and, accordingly, is invalid. Gilbert contends he is entitled to $25,000 of underinsured motorist coverage from Farmers under either the policy insuring his van or automobile, as each of those policies provides $50,000 of underinsured motorist coverage. This is based on the difference between the $25,000 received from the other driver's liability policy and the $50,000 limits of the underinsured motorist coverage in his van and automobile policies.

The district court entered summary judgment in favor of Farmers and Gilbert appealed therefrom. The Court of Appeals reversed the district court's entry of summary judgment in favor of Farmers and held that Gilbert was entitled to the underinsured motorist coverage provided by the policy insuring Gilbert's automobile or van. *Farmers Ins. Co. v. Gilbert*, 14 Kan. App. 2d 395, 791 P.2d 742 (1990). The matter is before us on petition for review.

We have carefully reviewed the record, the contentions of the parties, the briefs of *amici curiae*, and the opinion of the Court of Appeals. We are satisfied the Court of Appeals' analysis is sound and that it has reached the correct result. The Court of

Appeals' opinion is hereby adopted as the opinion of this court with one minor modification hereinafter discussed.

In its petition for review, Farmers complains that the following paragraph of the Court of Appeals' opinion is factually incorrect except for the last sentence thereof:

"We note in passing that this coverage provision [Coverage C—Uninsured Motorist Coverage (Including Underinsured Motorist Protection)] is flawed because it speaks only of *'uninsured* motor vehicles,' which are defined in the definition section to mean vehicles without insurance. Thus, the policy, when read literally, does not provide coverage for injuries caused by vehicles that are *underinsured.* However, Farmers obviously meant to include underinsured vehicles in the coverage provision, as indicated by the caption over the coverage provision and by the damages formula for underinsured vehicles given later in this part of the policy. The parties also stipulated that the automobile policies did provide such benefits." 14 Kan. App. 2d at 400.

As Farmers correctly points out in its petition for review filed herein:

"The Court, in reviewing that portion of the policy, apparently failed to note subsection d. of the definition of uninsured motor vehicle which states:

'd. Insured by a bodily injury liability bond or policy at the time of the accident which provides coverage in amounts less than the limits of liability for this coverage shown in the Declarations.'

". . . The policy, when read literally, does provide coverage for vehicles that are underinsured."

The point, although it has no bearing on the result reached in the Court of Appeals' opinion, is well taken and, in our adoption of the Court of Appeals' opinion, we delete the complained-of paragraph and substitute the following in its place:

"The definition of uninsured motor vehicle contained in the policy is broad enough to include underinsured motor vehicles."

The judgment of the Court of Appeals is affirmed as modified. The judgment of the district court is reversed.

ABBOTT, J., not participating.