**J & S ENTERPRISES, INC., a Colorado corporation, d/b/a Borg's Children's Cottage, Jim Percival, individually, d/b/a Borg's Children's Cottage, and Sharon Percival, Plaintiffs–Appellants,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant–Appellee.**

**No. 90CA0648.**

Colorado Court of Appeals, Div. I.

July 5, 1991.

Rehearing Denied Aug. 8, 1991.

Certiorari Denied March 10, 1992.

Raphael M. Solot, Denver, for plaintiffs-appellants.

White and Steele, P.C., John M. Lebsack, Denver, for defendant-appellee.

Opinion by Judge DUBOFSKY.

Plaintiffs, J & S Enterprises, Inc., d/b/a Borg's Children's Cottage, and Jim and Sharon Percival, appeal a summary judgment entered in favor of defendant, Continental Casualty Company (Continental). We affirm.

In June 1987, the owners of Southglenn Mall initiated a renovation of that facility by a private contractor. In the course of the renovation, ceilings were torn and asbestos particles were scattered into various parts of the mall. One of the businesses affected by the asbestos release was a retail store owned by J & S, a corporation owned by the individual plaintiffs.

On June 25, 1987, the State Health Department issued an order to the Southglenn Mall management and its renovation construction company which had the effect of closing the mall and the businesses in it. Plaintiffs claim that as a direct result of the asbestos release, they were significantly damaged because of loss of property and income.

At the time of these events, plaintiffs had in effect an insurance policy with Con-

tinental. That insurance policy provides in relevant part:

> "Perils insured. We provide property and income coverage against loss from all hazards of accidental direct physical loss subject to the provisions contained in this policy."

> .    .    .    .    .

> "Perils not insured ...

> "(10) Contamination, dampness of atmosphere, change of temperature, corrosion or rust."

Plaintiffs initiated this lawsuit to obtain compensation for property and income losses arising from the asbestos release. Continental moved for summary judgment claiming that because of the above-quoted portions of the policy covering Perils Not Insured, plaintiffs' claims were not covered.

The evidence in support of the summary judgment motion consisted of plaintiffs' answers to interrogatories and an affidavit of an industrial hygienist with expertise in asbestos testing. The affidavit indicated that the affiant had tested plaintiffs' place of business in July 1987 and determined that asbestos fibers were present and that the fibers resulted from the renovation work on the Southglenn Mall. The affidavit further stated that the asbestos contained in the acoustical ceiling material did not constitute a hazard while the acoustical ceiling materials were in place and the asbestos was undisturbed. Finally, the affidavit indicated the asbestos fibers present in plaintiffs' business would not have caused a loss or damages to plaintiffs if the asbestos had been removed pursuant to an accepted abatement procedure prior to the renovation.

Plaintiffs' affidavit strongly indicated that it was the careless or accidental conduct of the persons responsible for the renovation which caused the claimed losses.

The trial court granted Continental's motion for summary judgment and determined that the above-quoted Perils Not Insured provision excluded coverage in this matter.

## I.

Plaintiffs assert that there is a conflict between the language in the insurance contract dealing with perils insured and the language under perils not insured. Because of that asserted conflict, plaintiffs argue that coverage should be found to exist by application of the principle that conflicting or ambiguous terms of an insurance policy are to be construed against the insurer. On the other hand, defendant argues that the language of the contract is clear and unambiguous and that, therefore, the trial court correctly determined there was no coverage. We agree with defendant.

Plaintiffs' affidavit indicates that the asbestos which caused the business damage resulted from the contractor's conduct in carrying out the renovation. It appears, therefore, that the initial or efficient cause of the loss that resulted from bringing the asbestos into the business came from an accidental, direct physical event which is covered under the Perils Insured provision of the policy.

This provision states, however, that the Perils Insured coverage is subject to other provisions contained in the policy. Hence, the above-quoted provisions of the section specifying Perils Not Insured operates to limit coverage.

Here, the evidence demonstrated that asbestos particles disseminated throughout the mall and throughout plaintiffs' business. The intermixing of asbestos particles in this manner constitutes contamination as that term is used in the quoted section on Perils Not Insured. *See American Casualty Co. v. Myrick*, 304 F.2d 179 (5th Cir.1962); *Hartory v. State Automobile Mutual Insurance Co.*, 50 Ohio App.3d 1, 552 N.E.2d 223 (1988); *Auten v. Employers National Insurance Co.*, 722 S.W.2d 468 (Tex.App.1986).

Plaintiffs primarily argue that there is a conflict between the policy sections titled Perils Insured and Perils Not Insured. They argue that the Perils Insured provision purports to cover *all losses from hazards* of accidental, direct physical loss,

whereas the provision on Perils Not Insured restricts insurance coverage if the damage occurs because of factors described in that section. The Perils Not Insured section does not, however, state that its limitations are applicable if the initiating cause of the loss is an accidental, direct physical event rather than contamination.

Plaintiffs urge us to hold that if, as here, the initial damage arises from an accidental cause which is different from the causes listed in the exclusionary contamination clause then there is coverage under the Perils Insured provision of the policy. We decline to do so.

In *Kane v. Royal Insurance Co.*, 768 P.2d 678 (Colo.1989), our supreme court analyzed a policy with very similar language to this one. In *Kane,* the insurance company covered "all risks of direct physical loss" subject to limitation provisions contained elsewhere in the policy. The limitation provisions excluded coverage for "loss" which was caused by, resulting from, contributed to or aggravated by a "flood." In *Kane,* the court stated:

> "[T]he 'efficient moving cause' rule set forth in [*Koncilja v. Trinity Universal Insurance Co.*, 35 Colo.App. 27, 528 P.2d 939 (1974)] does not control our decision in this case. We believe that the 'efficient moving cause' rule, if it were to be adopted by this court, must yield to a well-settled principle of law: namely, that courts will not rewrite a contract for the parties."

Hence, the *Kane* court rejected using the efficient or initiating cause concept to rewrite the language of the contract and instead relied on the terminology of the exclusion which enlarged the concept of causation by using "contributed to and aggravated by." We, therefore, conclude that *Kane* is dispositive of the coverage issue raised here.

In light of our resolution of this exclusion, we do not address plaintiffs' contentions as to the other exclusion relied upon by the trial court.

## II.

Plaintiffs next argue that, in interpreting the meaning and scope of the term "contamination," we should be guided by the use of the term "pollution" found in the third-party liability section of the policy. This part of the policy states that the insurer will not pay for personal injury or property damage resulting from any loss caused by pollution which is not sudden and accidental. Plaintiffs argue that the words "pollution" and "contamination" mean essentially the same thing and that, therefore, we should apply the sudden and accidental requirement in section II to the contamination exclusion in section I of the policy as it pertains to first-party business losses. We reject this argument.

■ We recognize that all parts and clauses of a contract, including exceptions and conditions, must be considered together in order to determine if one particular clause is explained, modified, limited, or controlled by any other clause. *See Baybutt Construction Corp. v. Commercial Union Insurance Co.*, 455 A.2d 914 (Me. 1983).

■ Moreover, if exclusions are inserted in order to limit the general liability insurance coverage, such exclusions are to be strictly construed against the insurer. *See State Compensation Insurance Fund v. Wangerin*, 736 P.2d 1246 (Colo.App.1986). Only if exclusions, when viewed as a whole, unambiguously and unequivocally negate coverage are they interpreted in the insurer's favor. *Baybutt Construction Corp. v. Commercial Union Insurance Co.*, supra; see also *Patrons–Oxford Mutual Insurance Co. v. Dodge*, 426 A.2d 888 (Me. 1981); *Herrmann v. Grange Insurance Association*, 33 Wash.App. 734, 657 P.2d 346 (1983). This general rule cannot be utilized, however, to rewrite or override the intention of the parties, expressed by clear unambiguous language in the contract. *See Ryan v. Harrison*, 40 Wash.App. 395, 699 P.2d 230 (1985).

■ Here, the format of the policy clearly segregated the different coverages into different sections of the contract. Each of

the covered categories in turn listed exemptions which limited the extent of the coverage within that category. Nevertheless, plaintiffs argue that the pollution exclusion in one section of the contract can be applied to the contamination exclusion in an entirely different section. We disagree and conclude that, if, as here, two exemption clauses are entirely independent they are not to be construed together. G. Couch, *Cyclopedia of Insurance Law* § 15.48 (2d ed. 1984); J. Appleman & J. Appleman, *Insurance Law & Practice* § 7383 (1976); *see also Ryan v. Harrison, supra; Greer v. Northwestern National Insurance Co.*, 36 Wash.App. 330, 674 P.2d 1257 (1984).

We note the cardinal rule that ambiguities in insurance policies are to be construed in favor of the insured and against the maker of the policy. *See Beeson v. State Automobile & Casualty Underwriters*, 32 Colo.App. 62, 508 P.2d 402 (1973). We conclude, however, that the language involving the contamination exclusion here is not ambiguous and is similar to that addressed in *Kane*. Therefore, since the asbestos was a substantial contributory cause of plaintiffs' losses and damages, the contamination exclusion is applicable.

Furthermore, we conclude that since the pollution and contamination exclusions lie in different sections of the policy there is no ambiguity created between them, and thus, we reject plaintiffs' argument that the pollution exclusion should be applied rather than the contamination exclusion.

Judgment affirmed.

PIERCE and SILVERSTEIN *, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),