C. Douglas **THURMAN,**
Plaintiff–Appellee,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Defendant–Appellant.

**No. 95CA1630.**

Colorado Court of Appeals,
Div. I.

Jan. 23, 1997.

Rehearing Denied Feb. 27, 1997.

Certiorari Denied Sept. 8, 1997.

Phil Harding, Englewood, for Plaintiff–Appellee.

Creamer & Seaman, P.C., Thomas J. Seaman, Karl A. Chambers, Denver, for Defendant–Appellant.

Opinion by Judge HUME.

Defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals the summary judgment entered in favor of plaintiff, C. Douglas Thurman. We reverse and remand with directions.

State Farm provided $100,000 per person bodily injury uninsured/underinsured motorist (UIM) coverage under a policy issued to plaintiff. After suffering bodily injury in an automobile accident, plaintiff settled with the liability insurance carrier for the driver of the car that caused his injury (tortfeasor) for $35,000, which was the full amount of bodily injury coverage available to the tortfeasor.

After settling with the tortfeasor's liability carrier, plaintiff's claim against State Farm for UIM benefits was submitted to arbitration. The arbitration panel determined that plaintiff had incurred $175,000 in total bodily injury damages resulting from the accident. The arbitration panel was not told of and did not consider the settlement or the amount of liability coverage available to the tortfeasor in determining the amount of damages suffered by plaintiff.

State Farm tendered to plaintiff $65,000, representing the difference between the amount of the settlement with the tortfeasor and the UIM policy limits. Plaintiff accepted State Farm's tender, but reserved the right to assert that he was entitled to an additional $11,827.94 he had incurred for attorney fees and expenses in obtaining the stipulated set-

tlement concerning the tortfeasor's liability. He sought a declaratory judgment to that effect.

The parties submitted an agreed statement of facts and cross-motions for summary judgment on the sole issue of the amount of UIM benefits due to plaintiff. The trial court granted summary judgment in favor of plaintiff and ordered State Farm to pay $11,-827.94 incurred as attorney fees and expenses in addition to the $65,000 it had previously paid.

## I.

In this appeal, State Farm contends that the award of fees and expenses is contrary to both the plain meaning of and the purposes for § 10–4–609, CORPS. (1994 Repl.Vol. 4A) (the UIM statute) and the unambiguous terms of its policy providing UIM coverage to plaintiff. We agree.

■ Generally, in the absence of a statute, court rule, or private contract providing the contrary, attorney fees are not recoverable by the prevailing party in either a contact or tort action in Colorado. *Bunnett v. Smallwood*, 793 P.2d 157 (Colo.1990). Also, in the absence of statutory authority, courts in other states have generally declined to award attorney fees in the context of UIM litigation. *See* 2 A. Wildiss, *Uninsured & Underinsured Motorist Insurance* § 20.5 (J. Witte 2d ed. 1992).

## A.

Section 10–4–609 provides, in pertinent part, as follows:

(1) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle licensed for highway use in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 42–7–103(2), C.R.S., under provisions approved by the commissioner, *for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom;* except that the named insured may reject such coverage in writing.

.     .     .     .     .

(4) Uninsured motorist coverage *shall include coverage for damage for bodily injury or death which an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle.* An underinsured motor vehicle is a land motor vehicle, the ownership, maintenance, or use of which is insured or bonded for bodily injury or death at the time of the accident, but the limits of liability for bodily injury or death under such insurance or bonds are:

(a) Less than the limits for uninsured motorist coverage under the insured's policy;

.     .     .     .     .

(5) The maximum liability of the insurer under the uninsured motorist coverage provided shall be the lesser of:

(a) The difference between the limit of uninsured motorist coverage and the amount paid to the insured by or for any person or organization who may be held legally liable for the bodily injury; or

(b) The amount of damages sustained, but not recovered. (emphasis added)

The language of the statute requires UIM coverage for the protection of persons who are legally entitled to recover damages for bodily injury, sickness, or disease, including death, resulting from automobile accidents. The statute makes no provision for the recovery of attorney fees, costs, or expenses from either an uninsured motorist or from a UIM insurance provider.

The purposes of UIM coverage are: (1) to provide an insured with benefits for bodily injury caused by uninsured motorists, subject to the UIM insured's policy limits; and (2) to place the insured in the same position as if the underinsured driver had had liability coverage equal to the insured's UIM coverage.

*Kral v. American Hardware Mutual Insurance Co.,* 784 P.2d 759 (Colo.1989).

■ Because of Colorado's adherence to the principle stated in *Bunnett v. Smallwood, supra,* the insured would have no right to recover attorney fees in an action brought against an uninsured or underinsured tortfeasor to establish liability for bodily injury suffered in an automobile accident. And, because the UIM statute contemplates coverage which places the UIM insured in the same position as if the underinsured tortfeasor had had sufficient liability coverage, the UIM statute does not require coverage for fees or other damages that could not be recovered against the tortfeasor. *See Union Insurance Co. v. Houtz,* 883 P.2d 1057 (Colo. 1994).

### B.

The State Farm policy provisions relating to UIM coverage generally track the language of § 10–4–609. In pertinent part, the policy provides:

> We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident....
>
> Uninsured Motor Vehicle means:
>
> 3. an 'underinsured' land motor vehicle ... which is insured or bonded for bodily injury liability at the time of the accident, but the limits of liability for bodily injury liability under such insurance or bonds are:
>
> > a. less than the limits of this coverage under this policy....

The policy also provides that the full amount of UIM coverage will be reduced by any amount paid or payable to or for the insured for bodily injury under the liability coverage. The policy further provides that the most that will be paid under the UIM coverage:

> will be the lesser of:
>
> a. the difference between the limits of liability of this coverage and the amount paid to the insured by or for any person or organization who may be held legally liable for the bodily injury; or
>
> b. the amount of damages sustained, but not recovered.

If the language in an insurance contract is facially clear and unambiguous, it must be enforced as written. *Chacon v. American Family Mutual Insurance Co.,* 788 P.2d 748 (Colo.1990).

■ Here, the plain language of the State Farm policy, like that in the statute, provides for payment for bodily injury. It contains no provision for payment of attorney fees, costs, or expenses incurred by an insured in pursuing or obtaining satisfaction of a liability claim against an uninsured or underinsured motorist.

The policy further provides that the face amount of UIM coverage is to be reduced by amounts paid by or on behalf of an underinsured motorist who may be held legally liable for bodily injury suffered by the insured. The policy contains no language suggesting that such an offset need be reduced by sums incurred or expended in obtaining such payment.

### II.

We reject plaintiff's contention that the award of fees and expenses here is supported by *Garceau v. Iowa Kemper Insurance Co.,* 859 P.2d 243 (Colo.App.1993).

*Garceau* did not involve an award of attorney fees. Rather, it held that a policy provision requiring an insured who requested arbitration to pay substantial portions of arbitration fees and the costs of arbitration violated public policy by diminishing a UIM award below the amount which would have resulted had the plaintiff pursued a judgment against the tortfeasor.

■ Here, all arbitration costs and fees have been paid by State Farm. And, plaintiff's recovery of UIM benefits, albeit reduced by attorney fees and expenses, is nevertheless substantially equivalent to that which plaintiff could have recovered if the tortfeasor had had liability coverage equal to plaintiff's UIM limits. Hence, the requirement that plaintiff pay his own attorney fees does not violate the public policy underlying the UIM statute.

## III.

We also reject plaintiff's contention that he is entitled to recover his attorney fees from State Farm under a "common fund" theory as recognized in *County Workers Compensation Pool v. Davis,* 817 P.2d 521 (Colo.1991).

Here, the record before us does not reflect whether State Farm was given notice of, or an opportunity to participate in, any litigation or settlement negotiations between plaintiff and the tortfeasor and her liability carrier. Nor is there any indication that State Farm has shared in the avails of any such proceeding or settlement. Plaintiff has maintained sole possession and entitlement to the $35,000, subject to the payment of his own attorney fees and expenses.

State Farm has applied the payment made as an offset against its obligation as a UIM insurer pursuant to the plain language of the UIM statute and the UIM policy issued to plaintiff. The benefits State Farm received resulted from the provisions of the statute, the insurance contract, and the amount of liability coverage the tortfeasor elected to purchase. Hence, under the circumstances appearing in this record, no common fund was created. *See Osborne v. State Farm Mutual Automobile Insurance Co.,* 923 P.2d 304 (Colo.App.1996).

## IV.

We also reject plaintiff's contentions that fees and expenses should be allowed upon the equitable theories of unjust enrichment or *quantum meruit.* Similar contentions were rejected as being irreconcilable with the American Rule concerning recovery of attorney fees in *Bunnett v. Smallwood, supra.*

The judgment is reversed and the cause is remanded with directions for entry of judgment in conformity with the views expressed herein.

METZGER and ROY, JJ., concur.